UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Gordon Gibson, | ) C/A No.: 2:13-3134-MGL-BHH |
| Plaintiff, | ) |
| vs. | ) |
| South Carolina Dept. of Mental Health; Director Holly Scaturo; Sherrie Winston-Wood; Cynthia Helff; Sheila Lindsay; Chris Jenkins; Dept. of Public Safety; PSO Lt. Jacobs; PSO Sgt. Larry Werts; PSO Benjamin Williams; PSO FNU Washington; PSO Jarvis Borum; and PSO Russell Gaithers, | ) Report and Recommendation |
| Defendants. | ) |

Plaintiff, a civilly committed person in the custody of the South Carolina Department of Mental Health (SCDMH), files this matter pursuant to 42 U.S.C. § 1983. Plaintiff alleges he has been assaulted and harassed, and maintains his legal, religious, and personal papers were destroyed or taken. Plaintiff further claims he was brought before a disciplinary committee where he was wrongfully convicted and sentenced on July 25, 2011, after being found guilty of four (4) different charges. On two other occasions, August 22, 2013 and August 26, 2013, Plaintiff states he was again charged, and found guilty, but he believes all charges are the result of racial profiling and retaliation, as well as religious discrimination. Plaintiff alleges he is a Rosicrucian.

Plaintiff seeks the right to have legal and religious material, and to be safe from actual and/or threat of physical assault. Plaintiff also seeks damages, and the return to his former job position plus back pay.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915.

The review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* documents, Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*. Even under this less stringent standard, however, two of the named Defendants are subject to summary dismissal.

The defendants "Department of Public Safety," and "South Carolina Department of Public Health," are agencies of the State of South Carolina. The Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts.[1]  See Alden v. Maine, 527 U.S.

---

[1] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

706, 713 (1999)(immunity "is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today...except as altered by the plan of the Convention or certain constitutional Amendments."); Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 76 (1996)(Eleventh Amendment prohibits Congress from making the State of Florida capable of being sued in federal court); and Blatchford v. Native Village of Noatak and Circle Village, 501 U.S. 775, 786 (1991)(Congressional power to abrogate Eleventh Amendment immunity can only by exercised by clear legislative intent). See also Federal Maritime Commission v. South Carolina State Ports Authority, et. al., 535 U.S. 743, 743 (2002)(state sovereign immunity precluded Federal Maritime Commission from adjudicating a private party's complaint against a non-consenting State).

Although the language of the Eleventh Amendment does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in Hans v. Louisiana, 134 U.S. 1 (1889), held that the purposes of the Eleventh Amendment, *i.e.*, protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. Thus, the Eleventh Amendment bars such suits unless the State has waived it's immunity[2] or unless Congress has exercised its power under § 5 of the Fourteenth Amendment to override that immunity. When §1983 was passed as part of the Civil Rights Act of 1871, Congress did not interject any language in the Act which would

---

[2] The State of South Carolina has not consented to suit in a federal court. *See* S. C. Code Ann. § 15-78-20(e)(1976) which expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State.

specifically override the immunity of the states provided by the Eleventh Amendment. Consequently, a claim brought pursuant to 42 U.S.C. §1983 does not override the Eleventh Amendment. See Quern v. Jordan, 440 U.S. 332, 343 (1979).

Additionally, the clear language of § 1983 requires that a "person' may be sued by another where a deprivation of constitutional rights can be shown. In the case of Will v. Michigan Department of State Police, 491 U.S. 58, 109 (1989), the Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution, and expressly held that the states are not "persons" within the meaning of § 1983. Because the Eleventh Amendment provides an absolute immunity for the states against all suits, the "person" referred to in § 1983 cannot include a state or any divisions of a state.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the "Department of Public Safety," and "South Carolina Department of Public Health," in the above-captioned case *without prejudice* and without issuance and service of process.

s/Bruce H. Hendricks
United States Magistrate Judge

March 6, 2014
Charleston, South Carolina

***Plaintiff's attention is directed to the important notice on the next page***.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).