UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Gordon Gibson, | ) Civil Action No. 2:13-3134-MGL |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **ORDER AND OPINION** |
| South Carolina Dept. of Mental Health; Director Holly Scaturo; Sherrie Winston-Wood; Cynthia Helff; Sheila Lindsay; Chris Jenkins; Dept. of Public Safety; PSO Lt. Jacobs; PSO Sgt. Larry Werts; PSO Benjamin Williams; PSO FNU Washington; PSO Jarvis Borum; and PSO Russell Gaithers, | ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Plaintiff James Gordon Gibson, ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brought this civil action pursuant to 42 U.S.C. § 1983 seeking the right to have legal and religious material, and to be safe from actual and/or threat of physical assault, the return to his former job position, and back pay. (ECF. No. 1).

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina, this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. The matter is now before this Court for review of the Report and Recommendation ("Report") issued by the Magistrate Judge on March 6, 2014. (ECF No. 12). In her Report, the Magistrate Judge recommends that the case be dismissed *without prejudice* and without issuance and service of process as against the following Defendants: Department of Public Safety and South Carolina Department of Public Health. *Id.* Objections to the Report were due by March 24, 2014. Plaintiff has filed no Objections.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The record reflects that Plaintiff filed an amended complaint (ECF No. 14) after Magistrate Judge Hendricks filed her Report and Recommendation. In the caption of the amended complaint, Plaintiff appears to now not seek relief against the South Carolina Department of Mental Health and the South Carolina Department of Public Safety. However, Plaintiff continues to reference both in the body of his complaint. As such, Plaintiff is hereby directed to file an amended complaint within thirty days of entry of this order striking the South Carolina Department of Mental Health and the South Carolina Department of Public Safety as Defendants in the body of the amended complaint as well as the caption of the amended complaint.

After a careful review of the record, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error. Accordingly, the Court **ACCEPTS** and incorporates the Report, (ECF No. 12), by reference into this Order. It is therefore **ORDERED** that the complaint in this action is dismissed *without prejudice* and without issuance and service process as against

Defendants Department of Public Safety and South Carolina Department of Public Health and that the matter be returned to the Magistrate Judge for further pretrial proceedings.

    **IT IS SO ORDERED.**

<u>/s/Mary G. Lewis</u>
United States District Judge

April 7, 2014
Spartanburg, South Carolina