IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| James Gordon Gibson, | ) | 2:13-cv-3134-MGL-WWD |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| vs. | ) | |
| | ) | |
| Director Holly Scaturo; Sherrie Winston-Wood; Cynthia Helff; Sheila Lindsay; Chris Jenkins; Lt. Jacobs; Larry Werts; Benjamin Williams; Washington; Jarvis Borum; and Russell Gaithers, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The Plaintiff, James Gordon Gibson, brought this civil rights action on November 19, 2013, and amended his complaint on March 20, 2014, (Dkt. 1,14).  The Plaintiff alleged that he is being held at the South Carolina Department of Mental Health, Broad River Correctional Facility, Edisto Unit, as a Sexually Violent Predator.  He alleged that he was assaulted and harassed, and stated that his legal, religious, and personal papers were destroyed or taken. He further claims he was brought before a disciplinary committee and was wrongfully convicted and sentenced for different violations, which charges were the result of racial profiling and retaliation, as well as religious discrimination because he is a Rosicrucian. The Plaintiff seeks the right to have legal and religious material, and to be safe from actual and/or threat of physical assault. The Plaintiff also seeks damages, and the return to his former job position plus back pay.

1

On October 16, 2014, the Plaintiff filed a Motion for Preliminary Injunction and Motion for Temporary Restraining Order. (Dkt. 46). The Defendants opposed the motion on November 3, 2014. (Dkt. 49). The Plaintiff did not reply. Hence, it appears consideration of the motion is appropriate.

The Plaintiff seeks a court order that the Defendants "do not confiscate or declare as contraband our floppy diskettes and any disks that are received by way of the discovery process" or "prevent us from reviewing this evidence." (Dkt. 46).

## PRELIMINARY INJUNCTION STANDARD

Rule 65(a) of the Federal Rules of Civil Procedure provides that the court "may issue" a preliminary injunction only on notice to the adverse party. FED.R.CIV.P. 65(a). In other words, this Court's authority to issue a preliminary injunction under this rule is discretionary. Preliminary injunctions are "extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." MicroStrategy, Inc. v. Motorola, Inc., 245 F.3d 335, 339 (4th Cir. 2001). Usually, preliminary injunctions "aim to maintain the status quo and prevent irreparable harm while a lawsuit remains pending." Pashby v. Delia, 709 F.3d 307, 325 (4th Cir. 2013). On the other hand, mandatory preliminary injunctions, which compel action, "do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demand such relief." Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980) (citing Interstate Commerce Comm'n v. Baltimore & Annapolis R. Co., 64 F.R.D. 337 (D. Md. 1974)). Therefore, "a mandatory preliminary injunction must be necessary both to protect against irreparable harm in a deteriorating circumstance created by the defendant and to preserve the court's ability to enter

ultimate relief on the merits of the same kind." Sun Microsystems, Inc. v. Microsoft Corp. (In re Microsoft Corp. Antitrust Litig.), 333 F.3d 517, 526 (4th Cir. 2003), abrogated on other grounds by eBay, Inc. v. MercExchange, L.L.C., 547 U.S. 388 (2006).

A federal district court must apply a rigorous four-part test in determining whether to grant a preliminary injunction. To qualify for such relief, the moving party must show (1) likelihood it will succeed on the merits; (2) likelihood it will suffer irreparable harm in the absence of a preliminary injunction; (3) that the balance of equities tips in its favor; and (4) that the injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The Winter standard requires the district court to find that the party seeking the injunction has made a "clear showing" that he is likely to succeed on the merits. Id. at 22. This standard compels the moving party to show that he is likely to prevail. Regardless of the balance of hardships, it is insufficient for the party to show only that "grave or serious questions are presented" in the litigation. Compare Real Truth About Obama v. FEC, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 558 U.S. 1089, 130 S. Ct. 2371 (2010), with Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co., 550 F.2d 189, 196 (4th Cir. 1977).[1] The Fourth Circuit no

---

[1] In Real Truth, the Fourth Circuit modified its prior approach, which required district courts to balance the likelihood of irreparable harm to each party as a "first step" in its analysis, and then to consider the likelihood of success only as a secondary matter, dependent upon the outcome of the initial balance-of-hardships test. See Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co., 550 F.2d 189, 195-96 (4th Cir. 1977). The Supreme Court vacated Real Truth and remanded the case for further consideration in light of Citizens United v. Federal Election Comm'n, 558 U.S. 310, 130 S. Ct. 876 (2010), which related to corporate electioneering communications under the First Amendment. See Real Truth About Obama, Inc. v. FEC, 558 U.S. 1089, 130 S. Ct. 2371 (2010). The Fourth Circuit remanded the First Amendment-related aspects of the case to the district court but reissued, inter alia, the portion of the 2009 opinion setting forth the Winter-Real Truth preliminary injunction standard. See Real Truth About Obama, Inc. v. FEC, 607 F.3d 355 (4th Cir. 2010).

longer recognizes a "flexible interplay" among these four criteria. Instead, each requirement must be fulfilled as articulated. Id. (quoting Blackwelder, 550 F.2d at 196).

## DISCUSSION

Under the legal standard adopted by the Fourth Circuit, Plaintiff is not entitled to a temporary restraining order or preliminary injunction. The Plaintiff has not even addressed his burden much less demonstrated that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Winter, 555 U.S. at 20.  The Plaintiff's motion merely allege that, if relief is not granted, his pending court actions could be negatively impacted.  Here, the Plaintiff's allegations rest on mere speculation or conjecture, as he fails to demonstrate any imminent threat to his safety or prejudice to his pending legal actions resulting from the Defendants' allegedly deeming floppy disks as contraband. See Winter, 555 U.S. at 22 (stating that a mere possibility of harm is not sufficient to warrant injunctive relief); see also Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir.1996) ("Specificity is necessary so that prison officials are not required to file unnecessary responses to speculative allegations.").  As such, his motion should be denied.

## CONCLUSION

Accordingly for the aforementioned reasons, it is recommended that the Plaintiff's Motion for Preliminary Injunction and Motion for Temporary Restraining Order be denied. (Dkt. 46).

IT IS SO RECOMMENDED.

December 18, 2014
Charleston, South Carolina

WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE